UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE PEOPLE OF THE STATE OF
MICHIGAN,

                Plaintiffs,                Case No. 1:06-cv-572

v.                                           Hon. Wendell A. Miles

BARRY ADAMS,

                Defendant.
_____/

OPINION AND ORDER

       This matter is before the Court on Defendant Barry Adam's Notice of Removal Based Upon Federal Question By Affidavit" (docket #1). For the reasons that follow, the Court will dismiss this action and remand the matter to the Calhoun County Circuit Court.

       Defendant seeks to remove The People of the State of Michigan v. Adams, #04-1708, Circuit Court for the County of Calhoun. He claims to remove this action pursuant to 28 U.S.C. § 1446 et seq. When a criminal case is removed from a state court, the federal court must promptly review the notice of removal. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).

       Title 28, § 1446 provides the procedures for removing a case; it does not set out the grounds under which a defendant is entitled to remove a state case to federal court. Miller v. Lambeth, 443 F.3d 757, 760 (10th Cir. 2006). The only possible basis for removal of

Defendant's criminal case is 28 U.S.C. § 1443(1), which allows a civil action or criminal prosecution commenced in state court to be removed to federal court. Under this provision "it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (internal citations omitted). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." Id. Defendant's contention that being compelled to pay child support violates "An Act to abolish and forever prohibit the System of Peonage in the Territory of New Mexico and other parts of the United States," does not satisfy this requirement.

The Court finds that the basis for removal in this case was deficient. The Court lacks jurisdiction over this case, and remand to the state court is required. Therefore,

The Court hereby **DISMISSES** this case and **REMANDS** the matter to the Circuit Court for Calhoun County, Michigan.

So ordered this 25th day of August, 2006.

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge