UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE PEOPLE OF THE STATE OF
MICHIGAN,

         Plaintiff,

v.                                       Case No. 1:06-cv-572

                                            Hon. Wendell A. Miles

BARRY ADAMS,

         Defendant.
_____/

## OPINION AND ORDER

This matter is before the Court on Defendant Barry Adam's Motion for Reconsideration (Docket No. 6). For the reasons that follow, the court denies the Motion.

Defendant attempted to remove The People of the State of Michigan v. Adams, #04-1708, Circuit Court for the County of Calhoun. On August 25, 2006, the court entered an order remanding the case to the state court because this court lacked jurisdiction. Defendant states that certain government and private entities "have combined to administrate an unconstitutional state-sponsored and state-managed system of peonage under the guise of 'child support enforcement', in contravention of federal law." (See Affidavit at ¶ 4, docket #7). Although Defendant does not specifically state the nature of the state case, it appears that it involves the enforcement of a child-support order, and it also appears that Defendant is contending that the statutory basis supporting the charges in the state case is unconstitutional and/or that his arrest and prosecution are unconstitutional.

The right to remove a state criminal proceeding to federal court is not rooted in the Constitution, but is purely statutory. See e.g., Shannon v. Shannon, 965 F.2d 542, 545 (7th Cir.

1992); Florida v. Cohen, 887 F.2d 1451 (11th Cir. 1989); Arkansas v. Howard, 218 F.Supp. 626, 630 (D.C. Ark. 1963).  None of the federal statutes authorizing removal are applicable here. Under certain circumstances, federal officers may remove state criminal proceedings,  28 U.S.C. § 1442, as may members of the armed forces.  28 U.S.C. § 1442a.  Under 28 U.S.C. § 1443, a defendant who is unable to enforce his right to racial equality because of state law may remove a criminal case.  The second basis for removal under § 1443 is available only to federal or state officers and persons assisting them in the performance of their duties.   Where a defendant merely asserts federal defenses to a state prosecution and/or alleges violations of general constitutional rights during the course of the criminal prosecution, the defendant has not established grounds for removal.  See Johnson v. Mississippi, 421 U.S. 213, 218 (1975); Georgia v. Rachel, 384 U.S. 780, 792 (1966).

When the state court proceedings are completed, and Defendant has exhausted all of his state court remedies, he may file a petition for writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). However, as explained in the August 25, 2006 order, this court does not have jurisdiction over the pending state criminal case.  Therefore,

Defendant's Motion for Reconsideration (docket #6) is DENIED.

So ordered this 29th day of January, 2007.

   /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge